NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted August 30, 2017[*]
Decided September 1, 2017

**Before**

DIANE P. WOOD, *Chief Judge*

WILLIAM J. BAUER, *Circuit Judge*

FRANK H. EASTERBROOK, *Circuit Judge*

No. 17-1742

| | |
|---|---|
| DARREYLL T. THOMAS,<br>    *Plaintiff-Appellant*, | Appeal from the United States District<br>Court for the Western District of Wisconsin. |
| *v.* | No. 13-cv-597-wmc |
| MICHAEL REESE, et al.,<br>    *Defendants-Appellees*. | William M. Conley,<br>*Judge*. |

**O R D E R**

Darreyll Thomas appeals the decision of the district court to enforce a settlement agreement to dismiss this civil-rights suit. Because the district court properly concluded that the agreement to dismiss this suit is valid, we affirm the district court's judgment.

Our prior decision in *Thomas v. Reese*, 787 F.3d 845 (7th Cir. 2015) (*Thomas I*), describes this case's background at length, so we recount only those facts relevant to this appeal. The case arises from an incident that occurred in July 2012, shortly after

---

[*] We have agreed to decide this case without oral argument because it is frivolous. *See* FED. R. APP. P. 34(a)(2)(A).

Thomas arrived at the Dane County Jail. Thomas had been assigned a top bunk during intake, and when he insisted to a correctional officer that he needed a bottom bunk for medical reasons, their conversation escalated into a fight involving several officers. Thomas alleges that the officers punched and kneed him without provocation, causing him serious injuries.

This suit against several jail employees under 42 U.S.C. § 1983 followed. The district court dismissed the suit for failure to exhaust administrative remedies, but we ruled that those remedies were unavailable to Thomas and remanded, *Thomas I*, 787 F.3d at 848–49. On remand the district court reviewed a video recording of the fight, it ordered the defendants to give the recording to Thomas because it "shows that several inmates were witnesses to the use of force," and it recruited counsel for Thomas. Mediation followed, and the parties agreed to dismiss the suit in exchange for $25,000 paid to Thomas. The parties memorialized their settlement in a written agreement signed by Thomas, his attorneys, and the defendants' representatives. The agreement provided, among other things, that the parties "will execute necessary closing documents, including an appropriate release and any necessary documents to terminate any pending litigation." The defendants complied with the agreement by mailing Thomas's attorneys a check for $25,000, along with a draft stipulation to dismiss the federal action. Thomas refused to sign the stipulation, and his attorneys later moved to withdraw as counsel, explaining that Thomas no longer desired their service.

The defendants moved the district court to enforce the settlement agreement. Thomas responded that the settlement agreement should not be enforced because of several mistakes that occurred before and during mediation. As relevant to this appeal, Thomas asserted that his attorneys had supposedly lied to him by saying that the video of his fight with the defendants had limited probative value. The district court granted the defendants' motion to enforce the agreement, concluding that Thomas "was well aware of each of these circumstances *before* he signed the mediation agreement."

In this court Thomas elaborates on his concern about the video. Thomas has not seen the video, but he repeats that his attorneys lied to him by telling him that they were unable to identify any potential witnesses when they viewed it. The "proof" that he offers to support his contention is his assertion that during the mediation the mediator told him that he (the mediator) could "clearly see the faces" of two potential witnesses. The lie from his attorneys, Thomas argues, induced him to settle his case.

This appeal is frivolous. Thomas could not ask the district court to consider unraveling the settlement because he did not tender the settlement money back to the defendants. A settlement agreement is a contract, *United States v. Rogers Cartage Co.*, 794 F.3d 854, 861 (7th Cir. 2015), and a party may not seek to rescind a contract until he has returned the consideration that he received under it. *Hampton v. Ford Motor Co.*, 561 F.3d 709, 717 (7th Cir. 2009); *Fleming v. U.S. Postal Service AMF O'Hare*, 27 F.3d 259, 260–61 (7th Cir. 1994). So far as we can tell from the record, Thomas has not offered to return the $25,000 that the defendants sent to his former attorneys. Thomas cannot shirk his obligations under the agreement while retaining its benefits. *See Union Oil Co. of Cal. v. Leavell*, 220 F.3d 562, 567 (7th Cir. 2000).

Moreover, any statements from the attorneys that the video revealed no identifiable witnesses did not induce Thomas to settle. Thomas knew from what the district judge had said about the video, *and* from what he admits he learned from the mediator, that his attorneys' description of the video was wrong. If Thomas was troubled by this discrepancy, he could have asked to watch the video recording himself or simply refused to settle the case. He decided to settle in spite of, not because of, any statement from his attorneys about the video. The district court was right to conclude that the settlement was enforceable and dismiss the suit.

We have considered the remainder of Thomas's arguments, and none merits discussion. Because Thomas brought this suit while he was in jail, it is subject to the Prison Litigation Reform Act, and he incurs a strike for bringing a frivolous appeal. *See* 28 U.S.C. § 1915(g).

AFFIRMED.